UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrea Roberson-Wade,

    Plaintiff,

v.

Fannie Mae, a foreign corporation,

    Defendants.

Case No.:
Hon.

---

PITT MCGEHEE PALMER & RIVERS P.C.
Cary S. McGehee (P42318)
Channing Robinson-Holmes (P81698)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
cmcgehee@pittlawpc.com
crobinson@pittlawpc.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Andrea Roberson-Wade, by and through her attorneys, Pitt, McGehee, Palmer & Rivers P.C., files the following Complaint against Defendant, Fannie Mae ( "FM"), and states as follows:

### JURISDICTION, VENUE AND PARTIES

1. The jurisdiction of this Court over this controversy is based on 28 U.S.C. §1331, to enforce the provisions of Title VII of the Civil Rights Act of 1964,

as amended; 42 U.S.C. §2000e-2, and based on diversity of citizenship of the parties under 28 U.S.C. Section 1332(1).

2. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to address the claims brought under the Michigan Elliott-Larsen Civil Rights Act. MCLA § 37. 2201-2202, because it is so related to the federal law claims that they form part of the same case or controversy.

3. The venue of this Court over this controversy is based on 28 U.S.C. §1391(d). Defendant Fannie Mae ("FM") is a Washington, D.C. corporation doing business in this judicial district within the meaning of 28 U.S.C. §1391(c) and, accordingly, venue lies in this judicial district.

4. Defendant FM was at all times relevant hereto responsible for all personnel decisions related to Plaintiff's employment at FM, including the decision to terminate Plaintiff's employment.

5. Defendant is a corporation which transacts business and performs services in the State of Michigan.

6. Plaintiff, Andrea Roberson-Wade ("Roberson-Wade"), was employed with Defendant and, at all times relevant to this action, a citizen of the United States.

7. Prior to the filing of this lawsuit, Roberson-Wade filed a timely written charge of race and gender discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. On February 5, 2019, the EEOC issued a notice of right-to-sue letter. Roberson-Wade has filed this action within 90 days of her receipt of the right-to-sue letter. Accordingly, Roberson-Wade has exhausted all administrative remedies prior to the institution of this action. Therefore, this Complaint is properly filed pursuant to 29 U.S.C. §626(d).

## FACTUAL ALLEGATIONS

9. Roberson-Wade was hired by FM in April of 2009 as a Portfolio Manager.

10. Prior to 2009, Roberson-Wade worked for FM on a full-time contractual basis as a Servicing Manager.

11. FM is a publicly traded leading source of financing for mortgage lenders. It has over 7,000 employees and is one of the-largest financial service companies in the nation. In 2017, its net revenue was over $2.4 Billion.

12. As a Servicing Manager IV (Loan Servicing Specialist), Roberson-Wade worked remoting from her home in Michigan, and managed a FM Portfolio assets, consulted with Executive and Senior Servicing Leaders in areas

of servicing, investor reporting, delivery accuracy, and custodial account management, reporting, loss mitigation, and bankruptcy, foreclosure and lender compliance.

13. Prior to Roberson-Wade's employment with FM, she had been employed in the mortgage servicing profession for over 10 years

14. Throughout her employment with FM, Roberson-Wade had consistently good performance reviews.

15. Roberson-Wade is an African American woman.

16. Upon information and belief, Roberson-Wade was one of only a very few African American Service Managers employed within the Company nationwide.

17. Upon information and belief, as of January of 2018, 10% or less of FM's Service Managers nationwide were African American.

18. Upon information and belief, Roberson-Wade was one of only a very few female Service Managers employed within the Company nationwide.

19. Upon information and belief, as of January 2018, 16% or less of FM's Service Managers nationwide were female.

20. FM was obligated by federal law to refrain from discriminating against Roberson-Wade because of her status as a woman or because of her race.

21. On June 22, 2018, Roberson-Wade was informed by her manager, Vice President and Customer Delivery Team Leader, Jenny Shen, that she was being selected for termination effective July 6, 2018, due to a reduction in force (RIF).

22. Approximately, one week before Roberson-Wade was told that she was being selected for termination due to a RIF, FM transferred a Caucasian male, Michael Tussey, into a Service Manager IV position directly reporting to Roberson-Wade's manager, Shen.

23. At that time, Tussey was assigned to service the portfolio of another Caucasian male, Robert Cadd because Cadd was not competent to service the portfolio. Cadd also reports to Shen.

24. At the time that Roberson-Wade was informed that she would be terminated effective July 6, 2018, four Service Managers reported directly to Shen – Al Violanti, Cadd, Tussey and Roberson-Wade. Except for Roberson-Wade, all were Caucasian males.

25. FM did not select Tussey, Cadd, or Violanti for termination as a result of the RIF.

26. After Roberson-Wade was terminated, Cadd was given Roberson-Wade's portfolio to manage and effectively replaced Roberson-Wade.

27. Upon information and belief, Roberson-Wade's performance record for FM was better than that of Cadd, Tussey, and Violanti.

28. Roberson-Wade was selected for termination in relation to the 2018 RIF because of her gender and race.

29. At the time of her termination from FM, Roberson-Wade was earning an annual salary of approximately $117,600, along with valuable benefits of employment, including health insurance for Roberson-Wade and her family.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT RACE DISCRIMINATION

30. Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

31. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee under Title VII of the federal Civil Rights Act, 42 U.S.C. 2000(e) et seq.

32. At all times relevant to this action, Defendant was prohibited under Title VII from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's race.

33. In violation of this duty, Defendant terminated Plaintiff's employment because of her race.

34. The reasons provided for Plaintiff's termination were a pretext for race discrimination.

35. As a direct and proximate result of Defendant's race discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

 a. An order reinstating Plaintiff to her former position or a comparable position;

 b. An order awarding Plaintiff economic and emotional damages, both past and future, in an amount she is found to be entitled to;

    c.    An order awarding Plaintiff punitive damages as provided for under Title VII;

    d.    An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under Title VII;

    e.    An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT GENDER DISCRIMINATION

36. Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

37. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee under Title VII of the federal Civil Rights Act, 42 U.S.C. 2000(e) et seq.

38. At all times relevant to this action, Defendant was prohibited under Title VII from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's gender.

39. In violation of this duty, Defendant terminated Plaintiff's employment because of her gender.

40. The reasons provided for Plaintiff's termination were a pretext for gender discrimination.

41. As a direct and proximate result of Defendant's gender discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant. Accordingly, Plaintiff requests the following relief:

   a. An order reinstating Plaintiff to her former position or a comparable position;

   b. An order awarding Plaintiff economic and emotional damages, both past and future, in an amount she is found to be entitled to;

   c. An order awarding Plaintiff punitive damages as provided for under Title VII;

   d. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under Title VII;

  e. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT III
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
## RACE DISCRIMINATION

42. Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

43. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee under Michigan Elliott- Larsen Civil Rights Act, MCLA § 37. 2201-2202.

44. At all times relevant to this action, Defendant was prohibited under the Elliott-Larsen Civil Rights Act ("ELCRA") from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's race.

45. In violation of this duty, Defendant unfairly criticized Plaintiff's performance, disciplined Plaintiff and terminated her employment because of her race.

46. The reasons provided for Plaintiff's termination were pretext for race discrimination.

47. As a direct and proximate result of Defendant's race discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other

economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

a. An order reinstating Plaintiff to her former position or a comparable position;

b. An order awarding Plaintiff economic and emotional damages, both past and future, in an amount she is found to be entitled to;

c. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ELCRA;

d. An order granting Plaintiff such other relief as the court deems just and equitable.

**COUNT IV**
**VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**GENDER DISCRIMINATION**

48. Plaintiff incorporates by reference the allegations set forth above as if stated in full herein.

49. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee under Michigan Elliott- Larsen Civil Rights Act, MCLA § 37. 2201-2202.

50. At all times relevant to this action, Defendant was prohibited under the Elliott-Larsen Civil Rights Act ("ELCRA") from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's gender.

51. In violation of this duty, Defendant unfairly criticized Plaintiff's performance, disciplined Plaintiff and terminated her employment because of her gender.

52. The reasons provided for Plaintiff's termination were pretext for gender discrimination.

53. As a direct and proximate result of Defendant's gender discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

    Accordingly, Plaintiff requests the following relief:

    a.  An order reinstating Plaintiff to her former position or a comparable position;

b. An order awarding Plaintiff economic and emotional damages, both past and future, in an amount she is found to be entitled to;

c. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ELCRA;

d. An order granting Plaintiff such other relief as the court deems just and equitable.

Respectfully submitted,

PITT McGEHEE PALMER & RIVERS, P.C.

By: /s/ Cary S. McGehee
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com

Dated: May 3, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrea Roberson-Wade,

    Plaintiff,

v.

    Case No.:
    Hon.

Fannie Mae, a Washington D.C. corporation,

    Defendants.

---

PITT MCGEHEE PALMER & RIVERS P.C.
Cary S. McGehee (P42318)
Channing Robinson-Holmes (P81698)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
cmcgehee@pittlawpc.com
crobinson@pittlawpc.com

---

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues to the within cause of action.

    PITT, MCGEHEE, PALMER & RIVERS P.C.

    By: _/s/ Cary S. McGehee_____
    Cary S. McGehee (P42318)
    Attorney for Plaintiff
    117 W. Fourth Street, Ste. 200
    Royal Oak, MI 48067
    (248) 398-9800
    cmcgehee@pittlawpc.com

Dated: May 3, 2019

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrea Roberson-Wade,

**(b)** County of Residence of First Listed Plaintiff  **Macomb**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary S. McGehee (P42318)
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067  (248) 398-9800

## DEFENDANTS
Fannie Mae, a foreign corporation,

County of Residence of First Listed Defendant  **Washington, D.C.**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  **42 USC § 2000e-2**
Brief description of cause:  Race/gender discrimination; Title VII

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____